# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| JASON D. GOODMAN and JOYCE L. GOODMAN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 1:18-cv-145-RLW ) |
| TOBY FREEMAN, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Jason D. Goodman[1] for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion as to Jason D. Goodman, and assess an initial partial filing fee of $26.10. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will strike Joyce Goodman from this action, and dismiss this case, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

---

[1] The caption of the motion includes the names of Jason Goodman and Joyce Goodman, but only Jason Goodman signed the motion.

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly balance of $130.54. The Court will therefore assess an initial partial filing fee of $26.10, which is twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless they are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

### The Complaint

The complaint was filed pursuant to 42 U.S.C. § 1983 against Cape Girardeau County law enforcement officers Toby Freeman, Travis Sikes, Jamie Malugen, and Eric Friedrich. The defendants are sued in their official and individual capacities. All of the allegations in the complaint concern a search performed of a property identified as 420 Shady Creek Lane (hereafter "the property").

According to the complaint, on February 20, 2018, all of the defendants came to the property and "went to my mother Joyce Goodman's garage and open the door and went in the

garage without a search warrant a violation of the plaintiff's 4th Amendment right." (Docket No. 1 at 5). "Joyce Goodman told the officers that they could not search her property and there was a private property sign all around her property and why was the officers on her property the plaintiff never gave the officers permission to search her garage." *Id.* at 5-6. Sikes told Ms. Goodman that he did not need a search warrant, and began looking for serial numbers on her gooseneck trailer. "The officers violated plaintiff right to feel safe in her own home." *Id.* at 6.

The complaint states: "Plaintiff Jason Goodman does not live at 420 Shady Creek Lane. The officers told the plaintiff if she would let them search and if they found anything no one would be charged. They would only leave with the property found. Jason Goodman has been locked up for stealing, a crime that he did not commit." *Id.* "Joyce was lied, bully, harassed, even threaten that she would go to jail if she didn't consent to the search. Plaintiff was then told to go into the house if they needed her she would be called for." (Docket No. 1 at 6). The complaint claims this conduct violated the Fourth and Fourteenth Amendments.

As relief, the complaint states: "I would like to be released from confinement and all charges against dropped. And Joyce Goodman ask for money damages and punitive damages also." Id. at 7. Attached to the complaint are two pages of an apparently nine-page incident report, describing a police investigation of two burglaries.

On June 25, 2018, a motion to amend the complaint was filed. The motion seeks to amend the complaint to add the claim that there is bias between the prosecutor's office and defendants Freeman and Friedrich, and it states this Court should investigate the state court and the prosecutor's office. There was no proposed amended complaint attached to the motion. The caption of the motion bears the names of Jason Goodman and Joyce Goodman, and it purports to bear both of their signatures. However, both signatures are in the same handwriting that was

4

used to sign Jason Goodman's name on the complaint and on the motion for leave to proceed *in forma pauperis*. This raises the concern that the signature purporting to be Joyce Goodman's is actually a forgery.

**Discussion**

Joyce Goodman will be stricken from this action. In the caption of the complaint, it is indicated that both Jason Goodman and Joyce Goodman are proceeding as *pro se* plaintiffs in this action. However, while Jason Goodman signed the complaint, Joyce Goodman did not. Rule 11 of the Federal Rules of Civil Procedure requires an unrepresented party to personally sign all of her pleadings, motions, and other papers. In addition, Joyce Goodman has neither paid the statutory filing fee, nor sought leave to proceed *in forma pauperis*. Finally, as indicated above, there is concern that Joyce Goodman's signature on the motion to amend is a forgery. For all of these reasons, it is not apparent that Joyce Goodman has authorized the filing of this lawsuit.

To the extent Jason Goodman can be understood to attempt to bring this action on Joyce Goodman's behalf, he is advised this is impermissible. While Jason Goodman may plead and conduct his own case personally, 28 U.S.C. § 1654, he lacks standing to bring claims on behalf of others. In addition, Jason Goodman does not allege, nor is it apparent, that he is a licensed attorney. Non-attorneys may not represent others in federal court. *See Jones ex rel. Jones v. Correctional Medical Services, Inc.*, 401 F.3d 950, 952 (8th Cir. 2005) (citations omitted). The Court will therefore direct the Clerk of Court to strike Joyce Goodman from this action. Nothing in this Memorandum and Order should be construed as precluding Joyce Goodman from filing her own civil action, either on her own behalf or with the assistance of counsel.

5

The Court now addresses the complaint as it pertains to plaintiff Jason Goodman (hereafter "plaintiff"). Plaintiff's official capacity claims will be dismissed. Naming a government official in his official capacity is the equivalent of naming the government entity that employs the official, which in this case is a municipal law enforcement department. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Municipal departments, such as police departments, are not suable entities under § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992). Even if plaintiff had named a proper party defendant, the complaint would not state a claim of municipal liability because it fails to allege a direct causal link between a municipal policy or custom and the alleged constitutional violation. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978).

Plaintiff's individual capacity claims will also be dismissed. Plaintiff claims the defendants' conduct violated the Fourth and Fourteenth Amendments. The Fourth Amendment to the Constitution protects "personal privacy and dignity against unwarranted intrusion by the State." *Schmerber v. California*, 384 U.S. 757, 767 (1966). It prohibits violation of the right of the people to be secure "in their persons, houses, papers, and effects" and "against unreasonable searches and seizures," and it provides that no warrants shall issue except upon probable cause. U.S. CONST. amend. 4. The Fourteenth Amendment extends this constitutional guarantee to searches and seizures by state officers. *Burlison v. Springfield Public Schools*, 708 F.3d 1034, 1039 (8th Cir. 2013).

The allegations in the instant complaint fail to state a claim that plaintiff's Fourth or Fourteenth Amendment rights were violated. Nothing in the complaint permits the conclusion that plaintiff himself was the recipient of any intrusion. There are no allegations that plaintiff had any legal interest in the property or in anything located there. In fact, plaintiff specifically

6

states that he did not live at the property, and he repeatedly identifies the property, the garage, and the items searched as belonging to Joyce Goodman. Plaintiff does not allege that he was present at the time of the search, or that he interacted with any defendant. In sum, plaintiff does not explain how his own constitutional rights were implicated when the property or anything on it was searched. Instead, it appears that plaintiff intends to bring these claims to vindicate the violation of Joyce Goodman's constitutional rights which, as explained above, he cannot do. *See Jones ex rel. Jones*, 401 F.3d at 952, *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (prisoner lacked standing to seek an injunction against mistreatment of other prisoners).

The intrusion onto the property, and the search of the garage and items thereon, are the only forms of wrongdoing alleged. Plaintiff may intend to claim that, absent the search of the property, he would not have been charged with a crime. However, he makes no effort to allege facts describing what any defendant actually did, or failed to do, to deprive him of any federally-protected right. Even *pro se* plaintiffs are required to allege facts in support of their claims, *Martin*, 623 F.2d at 1286, and this Court will not assume facts that are not alleged. *Stone*, 364 F.3d at 914-15. Because plaintiff does not allege facts showing how any named defendant was directly involved in or personally responsible for an incident that harmed him, he fails to state a claim upon which relief may be granted. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights"); *see also Martin*, 780 F.2d at 1338 (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

The complaint is also subject to dismissal to the extent plaintiff seeks release from confinement and expunction of any criminal charges. *See Preiser v. Rodriguez*, 411 U.S. 475,

489-90, 500 (1973) (habeas corpus is exclusive remedy for state prisoner who challenges fact or duration of his confinement and seeks immediate or speedier release).

The Court will deny the motion to amend the complaint. The motion is moot because, as of the date of this Memorandum and Order, leave of court is not required. *See* Fed. R. Civ. P. 15(a)(1). Even if leave of Court were required, the motion would be denied because a proposed amended complaint is not attached. *See* Administrative Procedures for Case Management/Electronic Case Filing, Sec. II.B. In addition, as noted above, it appears that Joyce Goodman's signature on the motion is a forgery. Finally, it would be futile to allow amendment of the complaint to bring the claims described in the motion. As discussed above, the motion simply states, in wholly conclusory fashion, that there is a bias between law enforcement officers and the prosecuting attorneys, and that this Court should investigate the state court and the prosecutor's office. The statements in the motion are nothing more than unsupported, conclusory allegations that would not survive a motion to dismiss. "Futility is a valid basis for denying leave to amend." *U.S. ex rel. Lee v. Fairview Health System*, 413 F.3d 748, 749 (8th Cir. 2005) (citing *Moses.com Securities, Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $26.10 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his

prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall **STRIKE** Joyce Goodman from this action.

**IT IS FURTHER ORDERED** that the motion to amend (Docket No. 4) is **DENIED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 21st day of September, 2018.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE